IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN CUTONILLI,

     *Plaintiff*,

     v.

FEDERAL TRANSIT
ADMINISTRATION, *et al.*,

     *Defendants*.

Civil Action No. ELH-13-2373

## MEMORANDUM

This case arises from a dispute concerning the Baltimore Red Line Project, a proposed east-west mass transit line to serve Baltimore City and Baltimore County ("Red Line Project" or "Project"). *See generally* ECF 1 ("Complaint"). The plan for the Project ("Preferred Alternative"), announced in the Record of Decision issued by the Federal Transit Administration on February 28, 2013, is a 14.1-mile light rail line.

Plaintiff John Cutonilli, who is self-represented, sued the Federal Transit Administration ("FTA") and the Maryland Transit Administration ("MTA") (collectively "Agencies"), defendants, alleging that, in regard to the Project, the Agencies failed to comply with "federal environmental laws," including the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and its implementing regulations, at 40 C.F.R. § 1500 *et seq.* ECF 1, Complaint. Plaintiff does not oppose the Red Line Project generally. Instead, he complains that defendants improperly rejected his proposed alternative for the Project and failed adequately to consider or respond to his comments when finalizing the environmental impact statement prepared for the Project.

Defendants moved for summary judgment. ECF 44, MTA Motion for Summary Judgment; ECF 45, FTA Motion for Summary Judgment. The motions were fully briefed. *See* ECF 47; ECF 50; ECF 51. By Memorandum Opinion (ECF 56) and Order (ECF 57) dated March 30, 2015, I granted defendants' motions for summary judgment.

As I explained in the Memorandum Opinion, NEPA does not establish a private cause of action. ECF 56 at 30, Memorandum Opinion (citing *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 882 (1990)). Rather, the Administrative Procedure Act ("APA," 5 U.S.C. § 701 *et seq.*) sets forth the basis for judicial review of a final agency action. *See Friends of Back Bay v. U.S. Army Corps of Eng'rs*, 681 F.3d 581, 586 (4th Cir. 2012); *Lee v. U.S. Citizenship & Immigration Servs.*, 592 F.3d 612, 619 (4th Cir. 2010); *Ohio Valley Envtl. Coal v. Aracoma Coal Co.*, 556 F.3d 177, 192 (4th Cir. 2009). The Administrative Record in this case was compiled and submitted by the FTA, consisting of of nineteen DVD's that contain over 145,000 pages of documents.

Review under the APA is highly deferential, and the agency action enjoys a presumption of validity. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971), *abrogated on other grounds, Califano v. Sanders*, 430 U.S. 99 (1977); *Ohio Valley Envtl Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 192 (4th Cir. 2009) (citing *Natural Res. Def. Council, Inc. v. EPA*, 16 F.3d 1395, 1400 (4th Cir. 1993)). Under the APA, the party challenging an agency decision bears the burden of demonstrating that the agency action was arbitrary and capricious. *Sierra Club v. Marita*, 46 F.3d 606, 619 (7th Cir. 1995). "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency . . . ." *Motor Vehicle Mfrs. Ass'n of the United States v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

2

In the Memorandum Opinion granting summary judgment in favor of defendants, I concluded that, upon a review of the administrative record in this case, and given the deferential standard of review under the APA, plaintiff failed to meet his burden.   I reasoned, ECF 56 at 61, Memorandum Opinion:

> [T]he Agencies have satisfied their obligations under NEPA as to Mr. Cutonilli's proposed alternative and the comments he submitted [with respect to] the [environmental impact statement].   Even if another decisionmaker might have reached a contrary result, it surely was not a clear error of judgment, or arbitrary and capricious, for the Agencies not to select plaintiff's alternative for detailed study or to decline to respond to Mr. Cutonilli's proposed alternative in greater detail.

Mr. Cutonilli subsequently filed a Motion for Reconsideration (ECF 58, "Motion"), supported by a memorandum of law (ECF 58-1, "Cutonilli Memo."), challenging the Court's ruling granting summary judgment in favor of defendants.   He asserts that I "clearly errored [sic] in a number of ways" and complains that my decision "amounts to a rubber stamping of the NEPA process."   ECF 58-1 at 1, Cutonilli Memo.   Cutonilli recounts several "[i]nstances of clear errors" by the court, *id.* at 2, as well as instances of misapplication of the law.   *Id.* at 2-9.

The MTA filed a response in opposition to the Motion (ECF 62, "MTA Opposition").   The FTA also opposes the Motion (ECF 63, "FTA Opposition").

No hearing is necessary to resolve the Motion.   *See* Local Rule 105.6.   For the reasons that follow, I will deny plaintiff's Motion.[1]

---

[1] Yesterday, June 25, 2015, Maryland Governor Larry Hogan rejected any funding for the Red Line Project.   Therefore, it may well be that this case is now moot.

"'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'"   *United States v. Hardy,* 545 F.3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).   "'The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'"   *Hardy*, 545 F.3d at 283 (quoting *DeFunis v. Odegaard,* 416 U.S. 312, 316 (1974)).   Therefore,

As a preliminary matter, I note that plaintiff's Motion is titled "Motion for Reconsideration" (ECF 58). It was filed on April 27, 2015. Pursuant to Local Rule 105.10, a motion to reconsider "shall be filed with the Clerk not later than fourteen (14) days after entry of the order," except as otherwise provided under Fed. R. Civ. P. 50, 52, 59, or 60. Because the Motion was filed on April 27, 2015, twenty-eight days after the entry of the Memorandum and Order of March 30, 2015 (ECF 56; ECF 57), the Motion is untimely unless it falls under an applicable federal rule.

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir.), *cert. denied*, —— U.S. ——, 132 S. Ct. 115 (2011). But, to avoid elevating form over substance, a motion to reconsider may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278-80 (4th Cir. 2008). Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment." It states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."[2]

---

an actual controversy must exist at all times while the case is pending. *See Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974); *Williams v. Ozmint*, 716 F.3d 801, 808 (4th Cir. 2013).

Because I am not certain of the finality of the Governor's decision, I will consider the Motion.

[2] Fed. R. Civ. P. 60(b) permits a party to file a motion to "relieve [the] party . . . from a final judgment" on a variety of grounds. *Liljeberg v. Heath Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (noting that 28 U.S.C. § 455 "does not, on its own, authorize the reopening of closed litigation" but that Rule 60(b) "provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment."). In particular, Rule 60(b) allows a party to obtain relief from a final judgment based on:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time

In the Fourth Circuit, the key factor to ascertain which rule shall govern is the timing of the motion. The Fourth Circuit has said that "a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)); *see In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992); *Lewis v. McCabe, Weisberg & Conway, LLC*, No. DKC 13-1561, 2015 WL 1522840, at *1 (D. Md. Apr. 1, 2015).

Cutonnilli's Motion was filed on April 27, 2015. As noted, it was filed within twenty-eight days of the filing of the Order at issue, filed on March 30, 2015. Thus, I shall analyze the Motion under Rule 59(e).

Although the plain language Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment, the Fourth Circuit has clarified: "Our case law makes clear [ ] that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002), *cert. denied*, 538 U.S. 1012 (2003); *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997).

---

to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

One purpose of Rule 59(e) is to "permit a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)), *cert. denied*, 525 U.S. 1104 (1999).  But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*; *see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted).  "A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.,* 56 F.3d 825, 828 (7th Cir.1995));  *see* 11 WRIGHT ET AL, FED. PRAC. & PROC. CIV. § 2810.1 (3d ed.) (stating "[i]n practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied").

Moreover, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993); *see United States ex rel. Becker*, 305 F.3d at 290.   Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins Co.*, 148 F.3d at 403 (citation omitted).

Cutonilli does not contend that there has been an intervening change in controlling law or new evidence.  Rather, he claims that the Court committed clear error.  ECF 58-1 at 1, Cutonilli Memo.  In particular, plaintiff challenges the following: (1) the Agencies' decision to limit the scope of the Project to the study corridor and the Court's decision to "rubber stamp[ ]" that

limitation, ECF 58-1 at 3, Cutonilli Memo; (2) the Court's conclusion that plaintiff's proposed alternative was substantially similar to alternatives already evaluated by the Agencies and that his alternative did not warrant further study, *id.* at 4-6; (3) the Court's conclusion that the Agencies evaluated a reasonable range of alternatives prior to selecting the Preferred Alternative for the Project, *id.* at 5; (4) the Court's conclusion that the Agencies ensured the scientific integrity of the analyses undertaken in connection with the environmental impact statement, *id.* at 5-6; (5) the Court's conclusion that a supplementation of the environmental impact statement was not necessary based on additional information submitted to the Agencies by plaintiff about his proposed alternative, *id.* at 6; (6) the Court's conclusion that the Agencies satisfied the requirements of NEPA's public participation process, *id.* at 7-8; and (7) the Court's conclusion that the Agencies did not clearly err in responding to his requests for information. *Id.* at 13.  In sum, as with plaintiff's Complaint, the chief contentions in plaintiff's Motion appear to be that the Agencies erred by not selecting his proposed alternative for further study and when failing to respond adequately to his comments on the environmental impact statement.

The MTA counters that Cutonilli "has not met any of the grounds for amending an earlier judgment."  ECF 67 at 2, MTA Opposition.  It states, *id.* at 7:

> While the Plaintiff strongly disagrees with the [Agencies'] conclusions [as set forth in Record of Decision and the environmental impact statement], the Court found the Defendants' analysis was not arbitrary or capricious. The Court exhaustively reviewed the Administrative Record for the facts, it did not substitute its judgment for the agencies but merely evaluated whether the record demonstrated sufficient basis for the Defendants' conclusions.

Similarly, the FTA maintains that Cutonilli "merely re-argues the merits of his case," and asserts that a motion to alter judgment is not the proper avenue to litigate again matters already decided by the Court.  ECF 63 at 3, FTA Opposition.  It contends, *inter alia*, *id.* at 7:

The Court considered the parties' arguments and properly determined that the Agencies met their obligation under NEPA to consider a reasonable range of alternatives for the Project. Op. 52. This conclusion rested on the well settled principle that agencies need not study every imaginable alternative, only reasonable and feasible ones.

Upon review of Cutonilli's Motion and defendants' responses, I agree with defendants that plaintiff's Motion is without merit.  In the Motion, Cutonilli reiterates many of his factual allegations and expresses profound disagreement with the Court's rulings.   But, in my view, Cutonilli establishes no ground under Rule 59(e) for reconsideration of the Order granting summary judgment as to defendants.  Instead, he seeks to re-argue the merits of his case.

In particular, as noted, plaintiff continues to insist that his proposed alternative was not considered adequately by the Agencies.  He insists that his proposal was superior to the alternatives considered in depth by the Agencies.  This contention, among others, was thoroughly evaluated in the Memorandum Opinion.  ECF 56 at 39-60.  Moreover, judicial review under the APA does provide an avenue for the Court to scrutinize technical decisions within an agency's expertise.  The question before the Court was whether various Agency decisions in connection with the Red Line Project were arbitrary or capricious.  On this subject, what I stated in the Memorandum Opinion remains pertinent, ECF 56 at 32:

> This case involves highly technical issues. Significantly, a court does "not sit as a scientific body, meticulously reviewing all data under a laboratory microscope," and it does not "undertake comparative evaluations of conflicting scientific evidence." *Manufactured. Hous. Inst. v. EPA*, 467 F.3d 391, 399 (4th Cir. 2006) (internal quotations omitted).  As noted, the question is whether the agency followed the proper procedures [set forth in NEPA and its implementing regulations] and [whether the Agencies] provided a rational basis for its decision.

Ultimately, upon review of the administrative record, I concluded that the Agencies had satisfied their obligations under NEPA.  ECF 56 at 61.  Furthermore, as explained in the Memorandum Opinion, the Agencies did not err in regard to their consideration of Cutonilli's

8

proposed alternative or in their responses to his comments.  *Id.*  The Court's disposition was not a mere "rubber stamping" of the Agencies' NEPA process, as plaintiff suggests, ECF 58-1, Cutonilli Memo., but rather a conclusion based on a thorough review of the lengthy administrative record in this case.  Consequently, the motion for reconsideration (ECF 58) shall be denied.

An Order follows, consistent with this Memorandum.


Dated: _____June 26, 2015_____              _____/s/_____
                                                 Ellen Lipton Hollander
                                                 United States District Judge